# U.S. District Court
# Middle District of Florida
# Tampa Division

## GOVERNMENT EXHIBIT

**Exhibit No.:** 3

Case No.: 8:24-cr-485-CEH-NHA

UNITED STATES OF AMERICA

vs.

JULIAN ANDREWS

Date Identified: _6/4/2024_

Date Admitted: _6/4/2026_

| Date: 09/22/95 | **HILLSBOROUGH COUNTY SHERIFF'S OFFICE** | Number: **GEN 565.00** |
|---|---|---|
| Revision: 02/23/23 | **CHAD CHRONISTER, SHERIFF** | |
| Reviewed: 07/10/24 | **STANDARD OPERATING PROCEDURE** | Page: 1 of 9 |

**SUBJECT:   WARRANTLESS SEARCHES**

I.   **PURPOSE:**  The purpose of this standard operating procedure is to define the guidelines for searches conducted without a search warrant.

II.   **SCOPE:**  This shall apply to all sworn law enforcement and detention personnel.

III.   **DISCUSSION:**  The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the person or things to be seized (Fourth Amendment to the U.S. Constitution; Florida Constitution, Article I, Section 12; Florida Statute 933.01).

The United States Supreme Court has applied the Fourth Amendment to prohibit the introduction of tangible materials seized during an unlawful search into evidence.  This principle of excluding evidence obtained in violation of the Fourth Amendment is known as the "Exclusionary Rule."

The primary purpose of the Fourth Amendment Exclusionary Rule is to deter future unlawful police conduct and, thereby, effectuate the guarantee of the Fourth Amendment against unreasonable searches and seizures.  The rule is a judicially created safeguard.  It is designed to serve as a deterrent rather than a personal constitutional right.

IV.   **PROCEDURE:**

    A.   Searches Authorized Without a Warrant

        1.   A search by consent.
        2.   A "stop-and-frisk."
        3.   A search of a movable vehicle when there is probable cause that it contains contraband or evidence.
        4.   A search at the scene of a crime.
        5.   A search under exigent circumstances which can include destruction of evidence, fresh pursuit, or imminent danger.
        6.   An inventory search of a seized vehicle or other property.
        7.   A search incident to a lawful arrest.
        8.   Plain view.

    B.   Search by Consent

        1.   General Principles

            a.   As the Fourth Amendment only proscribes unreasonable searches, it is reasonable for law enforcement to conduct a search once given permission to do so.  Consent must be knowing and voluntary and not the product of pressure or coercion.

GEN 565.00
Page 2 of 9

02/23/23

  **b.** The general prohibition against warrantless entry into a person's home, business, or other constitutionally protected areas does not apply to situations in which valid voluntary consent has been obtained.

  **c.** Valid voluntary consent acts as a substitute for a search warrant or probable cause.

**2.** Determination of Consent

  **a.** It must be knowing and voluntary and the burden is on the State to prove voluntariness by a preponderance of the evidence.

  **b.** The person giving consent must either have actual or common authority or a reasonable appearance of authority over the area to be searched.

  **c.** Voluntary consent may be withdrawn at any time by the consenting party.

**3.** Determination of Voluntariness

  **a.** Whether consent is voluntary is generally a question of fact to be determined from the totality of the circumstances (meaning simply that no one factor will determine the voluntariness of the consent). The conduct of law enforcement, the ability of the suspect to understand and rationally respond to the request for consent, age, education, knowledge, and intelligence of the accused are all relevant in making this determination.

    **(1)** It is not necessary that law enforcement advise suspects not in custody, of a right to refuse consent. However, it helps to establish voluntariness.

    **(2)** If the suspect is in custody, he/she must be advised of the following:
"You have the right to refuse to grant permission for me to search unless I have a search warrant."

    **(3)** Deputies shall request the suspect in custody sign a "Consent to Search/Waiver of Search Warrant" when practical (not mandatory with verbal consent, but will help in determining voluntariness).

  **b.** Coercive conduct by deputies is not consent. The following examples may be found as evidence of coercion:

    **(1)** Prolonged detention of the suspect.

    **(2)** A statement that the suspect is free to leave if he/she consents to a search.

    **(3)** A threat to obtain a search warrant if the deputy has insufficient evidence to obtain a search warrant.

    **(4)** A statement that a search warrant is not needed when the suspect asks if the searching deputy has a warrant.

    **(5)** An implied promise that the suspect shall not be prosecuted.

    **(6)** Repeated requests for consent.

  **c.** The presence of uniformed and armed deputies, without anything more, is sufficient to raise an issue of lack of valid consent. Psychological coercion as a grounds for lack of valid consent to search may be sufficient without statements by the deputies.

Example: Several uniformed deputies in the suspect's living room asking if they can "look around."
Held: Invalid search; the atmosphere was psychologically coercive and consent was not voluntary.

**4.**     Reasonable Appearance of Authority

**a.**     The deputy must have "good faith" to believe the person giving consent has authority to do so.

**b.**     This "good faith" is to be decided by analyzing the deputy's determination of the relationship of the person giving consent and the area of the search.

**5.**     Common Authority to Consent

**a.**     The question most commonly asked by the courts is whether the person charged has a "reasonable expectation of privacy" in the area where another person consented to a search.

**b.**     The third party must possess common authority with the person charged over the area searched or have some other sufficient relationship to the premises or effects sought to be inspected in order for there to be valid consent. Examples:

**(1)**     A parent can give consent to search their home, including the room of a minor child.

**(2)**     A minor may give consent to search the home of an absent parent if the minor shares the home and the minor's consent is voluntary based on the totality of the circumstance (e.g., age, maturity, and intelligence, among other facts, of the minor).

**(3)**     A person may provide consent to search their spouse's home, including their jointly occupied bedroom.

**(4)**     A joint owner of a conveyance (e.g., automobile, truck, etc.) can give consent to search.

**(5)**     A business partner who jointly occupies office space, files, etc., may provide consent to search. Joint control results in valid consent.

**(6)**     Two persons have joint control over a duffel bag. Either may provide consent to search it. Joint control results in valid consent.

**(7)**     An innkeeper/motel clerk cannot give a deputy consent to search a rented room. Exception: when an occupant has left and did not pay for another day's rent; consent to search is valid.

**6.**     Extent of Search Pursuant to Consent

**a.**     The scope of a consensual search is confined to its expressed limits (the area or thing which the deputy asks to search).

**b.**     The scope may not exceed the area or thing that the deputy asks to search, but a general consent to search may authorize the search of a closed container found therein if the suspect's consent reasonably would be understood to include that container.

**c.**     A general consent to let a deputy look into a car does not include consent to search the trunk. Furthermore, consent to look into the trunk does not constitute consent to pry open a locked piece of luggage inside the trunk.

GEN 565.00                                                                02/23/23
Page 4 of 9

      **d.**    A consent to search luggage or other bags does not authorize the search of sealed containers found within the bag.

**C.**    Stop-and-Frisk

    **1.**    General Principles

        **a.**    If there are articulable facts supporting a reasonable suspicion that a person has committed, is committing, or is about to commit a criminal offense, that person may be temporarily detained for the purpose of ascertaining the identity of the person and the circumstances surrounding the person's presence (Florida Statute 901.151).

        **b.**    Where a deputy observes unusual conduct which forms a reasonable suspicion, in light of his/her experience, that criminal activity may be afoot and the deputy is concerned for his/her own safety or the safety of others, he/she may conduct a "pat down" search of the subject in question. However, the "pat down" must be limited only to the extent necessary to disclose a weapon.

    **2.**    Reasonable Suspicion

        **a.**    Reasonable suspicion is more than a bare suspicion.

        **b.**    The deputy must be able to articulate facts and circumstances that justify a stop in light of the deputy's knowledge, training, and practical experience. This is sometimes referred to as a "founded suspicion."

        **c.**    The test to determine whether a stop is justified is based on the totality of the circumstances. Certain factors on their own will not justify the stop of a person. However, if they are weighed with other factors, the stop may be justified. Examples:

            **(1)**    The suspect's presence in a high crime area alone typically does not justify a stop.

            **(2)**    A suspect's flight from an approaching deputy taken alone may not justify a stop.

            **(3)**    An appearance of a drug transaction without observing a hand-to-hand transaction of some kind of object may not suffice.

            **(4)**    Quick, furtive, or suspicious movements alone are not usually enough to sustain a temporary detention.

    **3.**    Third Parties and Anonymous Tips

        **a.**    A stop may be based on information communicated to law enforcement through third parties, provided that the third party identifies himself/herself, and based on the deputy's training and experience, the information is objectively reliable.

        **b.**    Information that is provided by a known reliable confidential informant can provide reasonable suspicion to justify a stop. The information should contain sufficient detail to identify the suspect, and the information should be verified or corroborated.

        **c.**    An anonymous tip that an individual has engaged in or is about to engage in criminal conduct usually is not sufficient to justify a stop without independent evidence of criminal activity apart from the anonymous tip.

02/23/23                                                                    GEN 565.00
                                                                           Page 5 of 9

4.    Scope and Length of Stop-and-Frisk

   a.    A deputy in a stop-and-frisk situation shall not extend the search beyond
         a "pat down" of a suspect's outer clothing unless the "pat down" or other
         circumstance leads the deputy to conclude that the suspect has a
         weapon on his/her person or the deputy feels and immediately recognizes
         an object as contraband (see "plain feel" below).
   b.    The observance of a bulge in the subject's clothing does not provide the
         basis for a "pat down" search if there are no articulable facts to support
         the stated fear that the bulge may be a weapon.
         Note:  A distinctively shaped bulge in the suspect's pocket that appears to
         the deputy to be a weapon warrants a limited "pat down" search.
   c.    An investigative detention must be temporary and last no longer than
         necessary to effectuate the purpose of the stop.
   d.    "Plain Feel" exception:

      (1)   An object that a law enforcement deputy detects on a suspect's
            person during the course of a valid protective stop-and-frisk may
            be seized without a warrant if the deputy's sense of touch makes it
            immediately apparent to the deputy that the object, though not
            threatening, is contraband.
      (2)   The deputy must instantly know, without further investigation or
            manipulation of the item, what the item is, that it is illegal to
            possess, and that the item is evidence of a crime.

D.    Search of a Movable Vehicle

   1.    When the Vehicle Contains Contraband, a Weapon, or Evidence of a Crime:

      a.    A warrantless search may be made of a vehicle and any containers
            therein when there is probable cause to believe that the automobile
            contains contraband, a weapon, or evidence of a crime.
      b.    Under this circumstance, a search may be made of the entire vehicle,
            including the trunk, locked or unlocked containers, and locked glove
            compartment.

   2.    Search of a Vehicle Subsequent to Arrest - The search of an arrestee's vehicle is
         permitted only:

      a.    When there is reasonable suspicion that evidence of criminal activity
            related to the crime charged may be present in the vehicle.
      b.    When there is probable cause that evidence of criminal activity unrelated
            to the initial crime charged may be present in the vehicle.
      c.    When the vehicle is to be impounded and an inventory search is
            conducted.
      d.    When the arrestee is unsecured and within reaching distance of the
            passenger compartment at the time of the search.
      e.    When the arrestee has given valid consent.

            Note: A passenger may not be searched unless there is reasonable,
            articulable suspicion that he/she has committed a crime or poses a threat
            to the deputy.

GEN 565.00                                                          02/23/23
Page 6 of 9

3. Investigative Stops - When a deputy makes an investigative stop of a vehicle, he/she may only search the vehicle for weapons if the deputy has a reasonable belief that a suspect might gain control of a weapon.

4. Requirement That the Vehicle is Movable

   a. The vehicle must be movable or mobile to authorize a search without a warrant. The justification for this exception is that the vehicle is capable of being moved before a deputy can secure a search warrant and the opportunity to search is fleeting.

   b. To conduct a warrantless search of a vehicle, the deputy must have probable cause sufficient to obtain a search warrant.

E. Search at a Crime Scene

   1. General Principles

      a. The existence of exigent circumstances at the scene of a crime will justify a warrantless search.

      b. To invoke the emergency rule to search a person's home, the exigency of the situation must be so compelling as to make a warrantless search objectively reasonable.

   2. Homicide Scene

      a. When law enforcement is called to the scene of a homicide, a warrantless entry is justified when there is reason to believe that a person is in need of immediate aid, and a prompt warrantless search of the area is justified to determine if there are other victims or if the suspect is still on the premises.

      b. A warrantless search of the premises/home is not constitutionally protected simply because a homicide has occurred there.

F. Exigent Circumstance

   1. Destruction of Evidence - A deputy may enter a citizen's home without a search warrant to prevent the destruction of evidence when exigent circumstances exist. The existence of exigent circumstances occurs and allows a warrantless search when the deputy reasonably believes that physical evidence will be destroyed or removed from the premises prior to obtaining a search warrant. The basis for such belief shall be notated in the incident report in narrative form.

   2. Protection of Life and Property

      a. A deputy may enter a premises without a warrant to protect individuals in distress, to assist victims of crimes, or to investigate suspicious signs of impending danger.

      b. The deputy must be prepared to justify his/her actions by showing that entry was not made for the purpose of gathering or seizing evidence and shall notate same in the incident report in narrative form.

   3. Security Search Subsequent to Arrest

      a. A deputy may enter a premises as part of a security sweep based on exigent circumstances surrounding a particular arrest.

    **b.**    The security check permits the deputy to protect himself/herself by looking for other persons who may be present in an area and who may pose a danger to the deputy.

    **c.**    If the security check is conducted inside the premises after an arrest is made outside, the deputy must be prepared to establish that there was evidence to suggest the presence of other persons in the premises.

**G.**    Inventory Searches

    **1.**    General Principles

        **a.**    Inventory searches are a well-defined exception to the warrant requirement of the Fourth Amendment.

        **b.**    Inventory procedures serve to protect an owner's property while it is in the custody of the Sheriff's Office to ensure against claims or disputes over lost, stolen, or vandalized property and to protect the Sheriff's Office from potential danger.

        **c.**    If contraband or the fruits or instrumentalities of a crime are discovered within the vehicle pursuant to a valid inventory search, they are subject to valid seizure and are admissible as evidence in court.

    **2.**    Scope of Inventory Search

        **a.**    The scope of the search is not discretionary with the deputy. All areas of the vehicle, including closed containers, locked glove compartment, and trunk must be searched.

**H.**    Search Incident to Arrest

    **1.**    General Principles

        **a.**    In the case of a lawful custodial arrest, a full search of the person is an exception to the requirement of a warrant.

        **b.**    Pursuant to Florida Statute 901.21, when a lawful arrest is effected, a deputy may search the person arrested and the area within the person's immediate presence for the purpose of protecting the deputy from attack, preventing the person from escaping, or discovering the fruits of a crime.

        **c.**    A deputy making an arrest may seize all instruments, articles, or things discovered on the person arrested or within the person's immediate control (Florida Statute 901.21).

    **2.**    Extent of Search Incident to Arrest

        **a.**    A search incident to arrest is a reasonable intrusion if the object of the search was within the suspect's immediate area of control just prior to his/her detention (excluding vehicles as discussed above).

        **b.**    In a search incident to an arrest in a home, deputies may look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched.

**I.**    Plain View

    **1.**    General Principles

GEN 565.00                                                         02/23/23
Page 8 of 9

    **a.**    The deputy must have a lawful right of access to the area from which the observation is made, or

    **b.**    The deputy must have prior justification for an intrusion into a constitutionally protected area, and

    **c.**    The item must be in plain view and its incriminating character must be immediately apparent.

**2.**    Extension of Search - The deputy must not extend the search after seizure of the item(s) in plain view without a warrant or some other exception to the warrant requirement.

**J.**    Strip Searches and Body Cavity Searches

**1.**    Strip Searches (Florida Statute 901.211) - The term "strip search" means having an arrested person remove or arrange some or all of his/her clothing so as to permit a visual or manual inspection of the genitals; buttocks; anus; breasts, in the case of a female; or undergarments of such person. If a strip search is deemed necessary, law enforcement deputies shall:

    **a.**    Be able to articulate a reasonable suspicion that the person to be searched may be concealing weapons, narcotics, or some other contraband,

    **b.**    Obtain written supervisory approval on the Strip Search and Body Cavity Search form prior to conducting the search.

    **c.**    Request the assistance of detention personnel in Booking at the Orient Road Jail with conducting the strip search. Law enforcement deputies will not conduct strip searches in the field.

    **d.**    Ensure the deputy conducting the search and the observer are of the same gender as the person being searched. If a deputy is uncertain as to the individual's gender, the deputy shall ask the individual prior to conducting the search.

    **e.**    Conduct the search in an area that affords a reasonable degree of privacy and sanitary conditions.

    **f.**    After the conclusion of the strip search, the deputy shall complete the Strip Search and Body Cavity Search form and attach it to the General Offense Report as a MRE attachment.

**2.**    Body Cavity Searches - Are a visual search or a manual internal inspection of body cavities for contraband, such as illegal drugs, money, or weapons. It is far more invasive than the standard strip search. If a body cavity search is deemed necessary, other than a visual search of the ears, nose, and mouth, law enforcement deputies shall:

    **a.**    Be able to articulate reasonable suspicion that an arrestee may be concealing a weapon, controlled substance, stolen property, or other contraband in a body cavity.

    **b.**    A written authorization from a Shift Commander shall be obtained for a body cavity search on the Strip Search and Body Cavity Search form.

    **c.**    When practical, transport the arrestee to the Orient Road Jail booking area for a scan utilizing the TEK84 Intercept body scanner. The results of the scan will assist in determining if transportation is necessary to an approved medical facility.

02/23/23                                                                  GEN 565.00
                                                                          Page 9 of 9

     **d.**     Body cavity searches will not be conducted by Sheriff's Office personnel. All body cavity searches will be conducted by medical personnel at the approved medical facility.

     **e.**     After the conclusion of the body cavity search, the deputy shall complete the Strip Search and Body Cavity Search form, and attach it to the General Offense Report as a MRE attachment.

   **3.**     Juvenile Strip or Body Cavity Search - If a juvenile meets the criteria of a strip or cavity search, the situation will be handled in the same manner as set forth above. Every attempt will be made to give parental notification of the search.

**K.**     Personnel shall refer to GEN SOP 515.00 in regard to Hotel and Motel room searches.

**L.**     Personnel shall refer to GEN SOP 565.01 in regard to Search Warrants.

**M.**     Any time an arrestee or subject in custody is transferred to the custody of another deputy, the deputy who accepts custody of that individual will conduct a thorough search of their person and property.

**Chad Chronister**
**Sheriff**

**Amends or Supersedes: SO 9712.55**