**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

**v.**                                                    **Case No.: 8:24-cr-485-CEH-NHA**

**JULIAN ANDREWS**

_____ /

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO SUPPRESS AND OPPOSITION TO THE GOVERNMENT'S MARIJUANA-ODOR ARGUMENT

Mr. Andrews replies to the Government's response and specifically addresses the Government's contention that the alleged odor of marijuana supplied a factual and legal basis for the search of the bag. That argument fails for two independent reasons. First, the Government's odor theory is not supported by the evidentiary record. The officers did not testify that the odor of marijuana caused them to search the bag; to the contrary, they testified that they did not search the bag on that ground. Second, even if some odor associated with cannabis was present, odor alone does not establish probable cause that contraband is present because *Federal and Florida* law recognize lawful hemp, which is cannabis with a low delta-9 THC concentration and which is not distinguishable from marijuana by sight or odor alone.

The Government bears the burden to justify a warrantless search. Once a defendant establishes a warrantless search of an area or item in which he

had a legitimate expectation of privacy, the burden shifts to the Government

to prove that a specifically established exception to the warrant requirement

applied. *United States v. Bachner*, 706 F.2d 1121, 1126 (11th Cir. 1983). The

Fourth Amendment requires probable cause to be based on reasonably

trustworthy facts available to officers at the time, not after-the-fact litigation

theories. *See United States v. Jimenez*, 780 F.2d 975, 978 (11th Cir. 1986).

The Government has not carried that burden here.

## I. The Government's Odor Theory is Unsupported by the Evidence Presented at the Suppression Hearing.

The Government's response attempts to recast the search as a

marijuana-odor case. The record does not support that characterization. At

the hearing, Dep. Zackman testified that the odor of marijuana was not the

reason he searched the bag. Dep. Zackman likewise testified that the decision

to search the bag was based on the belief they could search the bag incident

to lawful arrest. No officer testified that, before opening the bag, they smelled

marijuana coming from the bag in a way that caused him to believe the bag

contained contraband. Dep. Zackman testified that he merely smelled the

odor of marijuana in the vicinity of Mr. Andrews.

That distinction matters. *Whren* makes subjective motivation

irrelevant only when objective facts independently justify the search; it does

not permit the Government to rely on objective facts it failed to prove. *Whren*

*v. United States*, 517 U.S. 806, 813 (1996). A Court may not sustain a warrantless search on a factual premise the Government failed to prove. *Bachner*, 706 F.2d at 1126.

The Government may argue that an officer's subjective reason for searching is immaterial. That principle does not solve the Government's evidentiary problem. Mr. Andrews does not argue merely that the officers had the wrong subjective motivation. Mr. Andrews argues that the Government failed to prove the objective fact it now invokes: that, before the search, an officer detected an odor from the bag sufficient to establish probable cause that contraband was inside the bag.

The unpublished decision in *United States v. Green* does not compel a different result. In *Green*, the district court credited the officer's testimony that he smelled marijuana when he first approached the vehicle. *United States v. Green*, No. 24-12642, 2025 WL 1911200 (11th Cir. July 11, 2025). Here, there are several factual distinctions between these two cases: 1) the container to be searched in Green was a enclosed vehicle, in this case it was a bag; 2) the officer in Green stated that he smelled the odor of marijuana in the closed vehicle versus here where Dep. Zackman testified that he did not smell marijuana coming from the bag specifically; and 3) exigent circumstances may apply when a vehicle is to be searched because it is readily moveable whereas here the bag was being held by the officers and Mr.

3

Andrews had no ability to exert control over it. The Government cannot transform testimony that odor was not the reason for the search into proof that odor objectively supplied probable cause.

Nor does the objective-probable-cause rule permit the Government to rely on a fact that is absent from the record. Probable cause exists only when the facts and circumstances within the officers' knowledge, based on reasonably trustworthy information, are sufficient to cause a person of reasonable caution to believe that an offense has been or is being committed. *Jimenez*, 780 F.2d at 978. Because the Government did not prove that marijuana odor from the bag supplied the factual basis for the search, its odor theory should be rejected.

## II. Even Assuming an Odor Associated with Cannabis was Present, Odor Alone Did Not Establish Probable Cause to Search the Bag.

The Government's odor argument also fails as a matter of law and common sense in light of the statutory changes governing cannabis and hemp. The 2018 Farm Bill removed "hemp" from the federal definition of marijuana. *See* 21 U.S.C. § 802(16)(B). Federal law defines hemp as the plant Cannabis sativa L. and its parts, derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry-weight basis. *See* 7 U.S.C. § 1639o(1). Florida law similarly defines hemp as cannabis with a

total delta-9 THC concentration that does not exceed 0.3 percent on a dry-weight basis. *See* Fla. Stat. § 581.217(3)(e).

Those statutory changes matter because the odor does not identify the unlawful characteristic. The unlawful characteristic is not that the substance is cannabis in a botanical sense. The unlawful characteristic is that the substance is marijuana rather than lawful hemp, which depends on THC concentration and, in some contexts, lawful medical-marijuana status. *See* 7 U.S.C. § 1639o(1), 21 U.S.C. § 802(16)(B), Fla. Stat. §§ 381.986, 581.217, 893.02(3).

Probable cause requires more than a possibility. It requires a fair probability or substantial chance that contraband or evidence of a crime will be found. *Illinois v. Gates*, 462 U.S. 213, 238, 243 n.13 (1983), *D.C. v. Wesby*, 583 U.S. 48, 57 (2018). Although officers need not rule out every innocent explanation, they still must have facts that make criminal activity probable rather than merely possible. *Wesby,* 583 U.S. at 61.

Odor alone does not meet that standard after hemp legalization. The same odor is consistent with illegal marijuana and lawful hemp. Courts addressing this changed statutory landscape have recognized that the "plain smell" doctrine depends on the odor being immediately indicative of contraband. *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993). The Supreme Court has explained that an odor may support a search only when it is

sufficiently distinctive to identify a forbidden substance, but odor does not automatically authorize a warrantless search. *Johnson v. United States*, 333 U.S. 10, 13 (1948).

Florida's Second District recently held *en banc* that legislative changes to cannabis law eliminated the continuing validity of marijuana odor alone as a probable-cause basis. *Williams v. State*, 421 So. 3d 809 (Fla. 2d DCA 2025). The court held that, under the updated statutory text, the smell of cannabis standing alone is insufficient to establish probable cause. *Id*. The Florida Fifth District reached the same conclusion in *Baxter*, explaining that the incremental legalization of cannabis at the federal and state level means that cannabis odor no longer immediately indicates the presence of an illegal substance. *Baxter v. State*, 389 So. 3d 803, 812–13 (Fla. 5th DCA 2024) (*en banc*).

Those decisions are persuasive here because they address the precise defect in the Government's argument. The Government does not claim that officers had field-testing, lab testing, admissions, packaging, observed use, impairment, sales activity, or other facts distinguishing illegal marijuana from lawful hemp. The Government relies on odor alone. But odor alone tells the officer only that some cannabis-related substance may be present. It does not tell the officer whether that substance is contraband.

The Eleventh Circuit's pre-hemp cases do not answer this statutory

problem. Cases such as *Tobin*, *Johns*, and *Merricks* arose from a legal landscape in which cannabis odor was treated as odor of contraband because marijuana and hemp were not legally separated in the way they are now. *United States v. Tobin*, 923 F.2d 1506, 1512 (11th Cir. 1991), *United States v. Johns*, 469 U.S. 478, 482 (1985), *Merricks v. Adkisson*, 785 F.3d 553, 560 n.3 (11th Cir. 2015). The 2018 Farm Bill changed that premise. 7 U.S.C. § 1639o(1), 21 U.S.C. § 802(16)(B).

The Government may also rely on *Green*, but that unpublished decision should not control this case. *Green,* 2025 WL 1911522. Unpublished Eleventh Circuit opinions are not binding precedent. *See* 11th Cir. R. 36-2. In any event, *Green* involved a vehicle search after the district court credited testimony that an officer smelled marijuana within the vehicle before the search. *Green,* 2025 WL 1911522 at 8–10. This case involves a bag, a different factual record, and testimony that odor did not cause the search. The Court should not extend *Green* to excuse the Government's failure to prove the factual predicate for its warrantless search.

Nor does *Bain* resolve the issue. *United States v. Bain*, No. 24-10480, 2025 WL 2408918 (11th Cir. Aug. 20, 2025), *cert. denied,* 146 S. Ct. 905, 223 L. Ed. 2d 285 (2025). There, the Eleventh Circuit did not uphold an odor-only search. The panel expressly concluded that, even putting aside marijuana, other circumstances supported probable cause. *Bain* at 10–11. Here, the

7

Government's marijuana-odor argument lacks both evidentiary and legal support.

### III. The Court Should Suppress the Evidence Derived from the Search of the Bag.

The search of the bag was warrantless. The Government has not shown that a valid exception to the warrant requirement authorized the search. Its odor argument fails because the officers did not testify that odor supplied the basis for searching the bag, and because odor alone does not establish probable cause that the bag contained contraband rather than lawful hemp.

For these reasons, Mr. Andrews respectfully requests that the Court grant the motion to suppress, suppress all evidence obtained from the search of the bag, suppress all derivative evidence and statements as fruit of the unlawful search, and grant any further relief the Court deems just.

DATED this 11th day of June 2026.

Respectfully submitted,

CHARLES PRITCHARD, JR.
FEDERAL DEFENDER

/s/ Ryan J. Maguire
Ryan J. Maguire
Assistant Federal Defender
Florida Bar No. 117534
400 North Tampa St. Suite 2700
Tampa, FL 33602
Telephone:  (813) 228-2715
Facsimile:  (813) 228-2562
Email: ryan_maguire@fd.org

8

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 11th day of June 2026, a true copy of

the foregoing was filed with the Clerk of the Court using the CM/ECF system,

which will send a notice of the electronic filing to:

Michael Kenneth, AUSA

*/s/ Ryan J. Maguire*
Ryan J. Maguire
Assistant Federal Defender
