UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:24-cr-485-CEH-NHA

JULIAN ANDREWS

**NOTICE OF MAXIMUM PENALTIES, ELEMENTS OF OFFENSE, AND FACTUAL BASIS**

The United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, hereby files this Notice of Maximum Penalties, Elements of Offense, and Factual Basis, stating as follows:

ESSENTIAL ELEMENTS

The essential elements of a violation of 21 U.S.C. § 841, possession with intent to distribute, for Count Two is as follows:

First: The defendant knowingly possessed a controlled substance as charged;

Second: The defendant intended to distribute the controlled substance; and

Three: The violation involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

The essential elements of a violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute, for Count Four is as follows:

First: That two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess with intent distribute methamphetamine;

Second: The defendant knew the unlawful purpose of the plan and willfully joined in it; and

Three: The amount the defendant conspired to possess with intent to distribute or distribute was 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

The essential elements of a violation of 21 U.S.C. § 841, possession with intent to distribute, for Count Five is as follows:

First: The defendant knowingly possessed a controlled substance as charged;

Second: The defendant intended to distribute the controlled substance; and

Three: The violation involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

PENALTY

Count Two is punishable by a mandatory minimum term of imprisonment of 5 years up to 40 years, a fine of not more than $5 million, term of supervised release of at least 4 years, and a special assessment of $100.

Counts Four and Five are punishable by a mandatory minimum term of imprisonment of 10 years up to life, a fine of not more than $10 million, term of supervised release of at least 5 years, and a special assessment of $100.

Additionally, as detailed in the Indictment, the defendant is required to forfeit any property subject to forfeiture, pursuant to 21 U.S.C. § 853.

FACTUAL BASIS

On August 21, 2022, law enforcement conducted a traffic stop on a 2001 Suzuki motorcycle driven by Julian Andrews, who stopped at a Circle K in Seffner, FL. When law enforcement positioned their vehicles so he was unable to flee on the motorcycle, Andrews fled on foot while carrying a black backpack. As he was running, Andrews repositioned the backpack to the front of his body. After Andrews was caught and in custody, law enforcement took possession of the backpack and conducted a search. The backpack contained over 200 grams of methamphetamine, which Andrews possessed in furtherance of methamphetamine trafficking. In addition, the backpack also contained approximately 11 grams of crack cocaine, 13 grams of oxycodone, 26 grams of marijuana, as well as a loaded Glock 43 with assorted ammunition.

On or about May 17, 2023, law enforcement conducted surveillance on co-conspirator #1. Co-conspirator #1 sold 28 grams of methamphetamine behind a restaurant in Temple Terrace; co-conspirator #1 conducted the transaction at the direction of Andrews, who was incarcerated at the time. Law enforcement conducted a traffic stop, and a K9 alerted for an illegal substance. During a search of the vehicle, law enforcement recovered a black digital scale with a crystalline substance on top, which was determined to be methamphetamine.

Law enforcement executed a search warrant at co-conspirator #1's residence and recovered six additional kilograms of methamphetamine, which belonged to Andrews and that co-conspirator #1 possessed for the purpose of

distribution at the direction of Andrews. A sample of the substance recovered from co-conspirator #1's residence was lab tested and confirmed to be methamphetamine.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Michael R. Kenneth*
Michael R. Kenneth
Assistant United States Attorney
Florida Bar No. 44341
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: 813-274-6000
Facsimile: 813-274 6103
E-Mail: michael.kenneth@usdoj.gov

**U.S. v. Julius Andrwes** **Case No. 8:24-cr-485-CEH-NHA**

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the parties of record.

*/s/ Michael R. Kenneth*
Michael R. Kenneth
Assistant United States Attorney
Florida Bar No. 44341
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone: 813-274-6000
Facsimile: 813-274 6103
E-Mail: michael.kenneth@usdoj.gov