**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v. CASE NO: 8:24-cr-485-CEH-NHA

JULIAN ANDREWS

---

**PRETRIAL ORDER**

This cause came before the Court at a status conference held on September 23, 2026. Upon consideration, it is **ORDERED** that:

(1) This case is set for a date-certain jury trial commencing Monday, October 26, 2026, at 9:30 a.m. Counsel expect the trial to last three (3) days. A typical trial day starts at 9:30 a.m. and ends at 5:30 p.m., with one (1) hour for lunch.

(2) The deadline for filing motions *in limine* is October 2, 2026. The motions will be heard before the commencement of the trial. The Court will not consider any motion that is filed after the deadline, except for exceptional reasons.

(3) The Court will begin the *voir dire* by asking general questions of the panel. Counsel will be permitted to participate in the *voir dire* examination by asking follow-up questions to specific panel members based on the information they provided in response to the general questioning. However, counsel should refrain from asking questions that have already

been asked, and the Court will interrupt the *voir dire* examination when necessary to avoid any delay in the proceedings. After the *voir dire* examination is completed, the venire will be excused from the courtroom before counsel will be heard on challenges for cause or otherwise.

(4) Exhibit and Witness Lists shall be filed on or before **October 19, 2026**, if not previously filed. **Additionally, at the conclusion of the trial, counsel shall provide to the Courtroom Deputy a thumb drive that contains all the parties' exhibits, individually listed, in PDF format.**

(5) Questions for *voir dire* shall be filed on or before **October 19, 2026**.

(6) All jury instructions and verdict forms shall comply substantially with the Pattern Jury Instructions and verdict forms promulgated by the Eleventh Circuit. To the extent that any proposed instruction or verdict form deviates from the forms in the Eleventh Circuit Pattern Jury Instructions, the proposed instruction or verdict form shall be clearly denoted as a "modified" jury instruction or verdict form, with appropriate citation of authority. A copy of the jury instructions and verdict form in word format shall be submitted to Chambers_FLMD_honeywell@flmd.uscourts.gov and filed on CM/ECF **no later than October 19, 2026**.

(7) The examination of witnesses shall be limited to direct examination, cross-examination, and re-direct examination. Re-cross-examination is allowed

only if something new was raised on re-direct. It is not allowed as a matter of course.

(8) In making objections, the attorney making the objection shall announce the legal basis for the objection without further argument. The responding attorney shall respond accordingly, giving only the legal basis for opposing the objection. Neither attorney shall make any other argument or comment in the presence of the jury other than at side bar conferences on the record, which conferences will be held, if necessary, to assist the Court in its ruling, upon the request of either attorney or upon the Court's own directive.

(9) Each party will be allowed fifteen minutes for opening statement. The time allowed for closing arguments will be established after conclusion of the evidence.

(10) It is the responsibility of each attorney to make sure that her/his witnesses are present when needed to testify. It may not be possible to delay the proceedings to accommodate a witness who is tardy or has strayed from the witness room.

It is also counsel’s responsibility to make sure that her/his witnesses are properly dressed for appearing in court. In particular, shorts, sweatpants, tank tops, and clothing bearing obscene or other inappropriate words or images are not allowed in the courtroom.

(11) Each attorney shall admonish their client(s) and office staff not to exhibit inappropriate behavior in the presence of the jury. Inappropriate conduct shall include, but not be limited to, facial gestures and audible comments.

(12) Use of surnames only: All counsel are directed to refer to their clients, each other, members of the jury, and all witnesses only by surnames and not by their first or given names.

(13) The conduct of this trial shall be pursuant to and consistent with the Florida Bar, Trial Lawyers Section's Guidelines for Professional Conduct, specifically Section M thereof, "Trial Conduct and Courtroom Decorum," other than as modified herein and Rule 5.03, Local Rules of the Middle District of Florida – Courtroom Decorum.

(14) Counsel is prohibited from arguing with or addressing opposing counsel across the courtroom. Instead, address the Court. Formality and courtesy are valued over informality.

(15) **No gum chewing. Please advise your clients and witnesses.**

(16) Observe Rule 611(c) of the Federal Rules of Evidence regarding leading and non-leading questions. Additionally, please allow witnesses to finish their answers before asking the next question.

(17) Water will be provided in the courtroom. However, you may bring bottled water into the courtroom. You are not permitted to bring other drinks or food into the courtroom.

(18) Any questions about courtroom security or issues regarding defendants in custody, such as providing clothing for a defendant, should be directed to the United States Marshals Service.

**DONE AND ORDERED** in Tampa, Florida, on this 24th day of September 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record