UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:24-cr-485-CEH-NHA

JULIAN ANDREWS

**GOVERNMENT'S MOTION IN *LIMINE* TO EXCLUDE DEFENDANT'S EXCULPATORY STATEMENTS**

The United States of America hereby submits this motion in *limine* to exclude from trial evidence of the defendant's exculpatory statements made during the traffic stop and subsequent post-*Miranda* interview on August 21, 2022.

At trial, the United States anticipates calling Hillsborough County Sheriff Deputies Alexandrer Maldonado and Taylor Zackman as witnesses to testify about, among other information, the traffic stop of the defendant conducted on the night of August 21, 2022. In addition to the deputies' testimony, the United States, also intends to introduce into evidence portions of Deputy Maldonado's and Deputy Zackman's body-worn camera video ("BWC"). During Deputy Maldonado's testimony, he will state that he observed the defendant riding a yellow motorcycle and wearing a black backpack. When Deputy Maldonado attempted to stop the defendant, he took off running, while still possessing the black backpack. Once deputies were able to secure the defendant, they learned this backpack contained multiple controlled substances, a scale, and a firearm.

While still at the scene of the arrest and later in the hospital, the defendant repeatedly stated he did not know what was inside the backpack. The defendant continued to assert he was asked by an acquaintance of his to transport the backpack and the motorcycle, and he never looked inside the backpack. The United States is concerned that the defense will attempt to introduce through cross-examination of Deputy Maldonado or Deputy Zackman, the defendant's self-serving hearsay and exculpatory statements.

The Eleventh Circuit Court of Appeals has made clear that a defendant cannot elicit the defendant's own exculpatory hearsay statements through cross-examination. *See United States v. Willis*, 759 F.2d 1486 (11th Cir. 1985). In *Willis*, the Court upheld exclusion of defendant Mahdi's hearsay statements and explained:

> The appellants also take issue with the Court's ruling that the defense could not elicit, through the cross-examination of [the agent] Mahdi's allegedly exculpatory statements at the time of his arrest. Obviously, the defense sought to place Mahdi's remarks before the jury without subjecting Mahdi to cross-examination. That is precisely what is forbidden by the hearsay rule. On appeal, counsel for the appellants inextricably argue that Mahdi's out-of-court statement—that he believed only mail was aboard the plane—was not hearsay because it was offered to prove only that Mahdi had no knowledge of the plane's illicit cargo. Again, this is precisely the issue on which the statements clearly would be offered for their truth, and therefore the issue on which the remarks are unquestionably hearsay. Fed R. Evid. 802. The appellants do not suggest any hearsay suggestion, and we know of none.

*Id*. at 1501.

Fourteen years later, in *United States v. Cunningham*, the Eleventh Circuit repeated its logic in *Willis* where, on appeal, defendant Cunningham argued that the trial court abused its discretion by refusing to allow him to question a codefendant

about a statement *Cunningham* purportedly made during his arrest. Per the Eleventh Circuit:

> Cunningham's argument is foreclosed by *United States v. Willis*, 759 F.2d 1486 (11th Cir. 1985), in which we held that a defendant cannot attempt to introduce an exculpatory statement made at the time of his arrest without subjecting himself to cross-examination. . . . Nevertheless, Cunningham argues that his statement fits the hearsay exception contained in Federal Rule of Evidence 803(3), because it demonstrates his then-existing state of mind. Cunningham fails to note that Rule 803(3) explicitly excludes "a statement . . . of belief to prove the fact . . . believed," which describes Cunningham's statement and his motive for seeking its introduction.

*United States v. Cunningham*, 194 F.3d 1186, 1199 (11th Cir. 1999).

Defense counsel has received the BWC videos in discovery, and the United States has informed counsel of the portions it intends to admit into evidence. As of the date of filing this motion, the defendant has not relayed any objections to the BWC clips. Specifically, the defendant has not shown that the excerpts are misleading or that additional content from the recordings is necessary under the rule of completeness in Fed. R. Evid. 106. *See United States v. Range,* 94 F.3d 614, 621 (11th Cir. 1996) (stating under the Rule 106 fairness standard, the exculpatory portions of a defendant's statements should only be admitted if it is "relevant to an issue in the case and necessary to clarify or explain the portion received" in evidence). Furthermore, the defendant's statements made on August 21, 2022, are in contradiction to the defendant's proffer on January 17, 2024. During the proffer, the defendant admitted the controlled substances found in the backpack were his and that he knew there was a firearm in the backpack.

The United States reached out to defense who objects to this motion.

WHEREFORE, the defendant should not be permitted to elicit his own exculpatory hearsay statements through cross-examination of Deputy Maldonado or Deputy Zackman, or otherwise, during trial.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/Erin Claire Favorit*
Erin Claire Favorit
Assistant United States Attorney
Florida Bar No. 104887
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: erin.favorit@usdoj.gov

*/s/Merrilyn E. Hoenemeyer*
Merrilyn E. Hoenemeyer
Assistant United States Attorney
Florida Bar No. 124734
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: merrilyn.hoenemeyer@usdoj.gov