UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:24-cr-485-CEH-NHA

JULIAN ANDREWS

**UNITED STATES' PROPOSED FORFEITURE JURY INSTRUCTIONS**

The United States of America requests that, should defendant Julian Andrews be convicted of one or both of the offenses charged in Counts One and Three of the Indictment, and should the defendant request a jury determination of the forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b)(5), the following jury instructions be given during the court's charge at the separate Forfeiture hearing following the conviction of the defendant.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

By: *s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: james.muench2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:24-cr-485-CEH-NHA

JULIAN ANDREWS

**SPECIAL JURY CHARGE**

FORFEITURE

Members of the Jury:

Your verdict in this case doesn't complete your jury service as it would in most cases because there is another matter you must now consider.

You must decide whether the Defendant, Julian Andrews, should forfeit certain property to the United States as a part of the penalty for the crimes charged in Counts One and Three of the Indictment.

In a portion of the Indictment not previously discussed with or disclosed to you, it is alleged that a Glock 43 9X19 (serial HBHTY500) and associated ammunition, were (1) involved in or used in the any of the violations charged in Counts One and Three of the Indictment and/or (2) used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count Three of the Indictment.

In view of your verdict finding the defendant guilty of the offenses charged in Counts One and Three of the Indictment, you must decide whether the property should be forfeited to the United States.

To "forfeit" a thing is to be divested or deprived of the ownership of it as a part of the punishment allowed by the law for certain criminal offenses.

To decide whether property should be forfeited, you should consider all the evidence you have already heard plus any additional evidence that may be presented to you after these instructions.

To be entitled to the forfeiture of the firearm and ammunition for one or both of the violations alleged in Counts One and Three of the Indictment, the government must have proved by a preponderance of the evidence that the firearm and ammunition were involved in or used in any of the violations, or were used, or intended to be used, in any manner or part to commit, or facilitate the commission of the offenses charged in Count Three.

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true.

While deliberating concerning the issue of forfeiture you must not reexamine your previous determination regarding the Defendant's guilt. But all the instructions previously given to you concerning your consideration of the evidence, the credibility of the witnesses, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations.