**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**
**Plaintiff,**

**v.** **Case No. 8:24-cr-00485-CEH-NHA**

**JULIAN ANDREWS,**
**Defendant.**
______________________________________/

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EXCULPATORY STATEMENTS**

Defendant Julian Andrews responds to the Government's Motion in Limine (Doc. 91). The defense will not offer the original account for the truth of the matter asserted and does not seek to play the recordings. Defendant requests an express ruling permitting counsel to acknowledge in opening statement that his earlier account was untrue and to preview his anticipated testimony acknowledging and explaining that account.

1. The motion addresses statements made at the arrest scene and during the subsequent hospital interview on August 21, 2022. Doc. 91 at 1–2. The defense seeks to address the fact that Mr. Andrews made a prior account inconsistent with his anticipated testimony and to allow him to explain that inconsistency. This is a specific non-hearsay purpose under Rule 801(c)(2).

2. In *United States v. Spears*, 827 F.2d 705, 708 (11th Cir. 1987), the Eleventh Circuit held that prosecution witnesses could explain their prior inconsistent statements, including the subjective fears and beliefs that prompted them. It expressly recognized that "such testimony may be introduced on direct examination," without waiting until redirect, and held that exclusion was an abuse of discretion. Although *Spears* involved prosecution witnesses, its reasoning supports allowing a testifying defendant to acknowledge and explain a prior inconsistent account. The jury can assess that explanation, and the Government can test it through cross-examination.

3. The Government relies on *United States v. Willis*, 759 F.2d 1486, 1501 (11th Cir. 1985), and *United States v. Cunningham*, 194 F.3d 1186, 1199 (11th Cir. 1999). Those decisions addressed attempts to introduce a defendant's exculpatory assertions for their truth through another witness. The requested use here is different: Mr. Andrews would acknowledge that his earlier account was untrue and explain the inconsistency while remaining subject to cross-examination. His taking the stand would not itself make every prior statement admissible; the identified non-hearsay purpose supports this limited request.

4. Defense counsel reasonably anticipates that Mr. Andrews will testify. Counsel therefore requests permission to tell the jury in opening that Mr. Andrews previously gave the account identified in the motion, that the account was untrue,

and that he will acknowledge and explain it during his testimony. That reference would preview anticipated admissible testimony. The defense should be permitted to address this inconsistency candidly at the outset rather than being required to await its disclosure on cross-examination. *Spears* supports addressing the inconsistency during direct examination without first awaiting an attack on credibility.

5. Defendant requests a ruling before opening statements. In *United States v. Davis*, No. 8:23-cr-34-CEH-AAS, Doc. 93 at 8–9 (M.D. Fla. May 3, 2024), the Court reserved possible non-hearsay uses of recorded statements but prohibited opening references pending a foundation at trial. Here, Defendant identifies the particular non-hearsay use and seeks advance approval of the limited opening reference described above. If the Court requires a further proffer, Defendant requests an opportunity to make it outside the jury's presence before openings.

6. The requested presentation remains subject to relevance, Rule 403, and the Court's control over the presentation of evidence. A limiting instruction under Rule 105 can clarify the purpose of the prior account. Defendant also requests permission to address and explain any such statements the Government introduces, consistent with the Court's evidentiary rulings.

7. This response does not concede the admissibility of any proffer statement or waive any objection under Rule 410 or the proffer agreement. Any proposed use

of proffer material should be resolved separately, outside the jury's presence, before its introduction or disclosure to the jury.

WHEREFORE, Defendant requests that the Court decline a categorical prohibition against proper non-hearsay references to the identified statements; expressly permit counsel, in opening statement, to acknowledge that the earlier account was untrue and preview Mr. Andrews's anticipated explanation; and permit Mr. Andrews, if he testifies, to acknowledge and explain that account on direct examination. Defendant requests resolution of any remaining dispute about the proposed opening reference before opening statements begin.

Submitted this 19th day of October 2026.

Respectfully submitted,

CHARLES L. PRITCHARD, JR.
FEDERAL PUBLIC DEFENDER

/s/ Ryan J. Maguire
Ryan J. Maguire
Assistant Federal Defender
Florida Bar No. 117534
400 North Tampa Street, Suite 2700
Tampa, FL 33602
Telephone: (813) 228-2715
Email: ryan_maguire@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 19, 2026, I electronically filed the foregoing through CM/ECF, which provides notice to all counsel of record.

/s/ Ryan J. Maguire
Ryan J. Maguire