**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

**v.** **Case No. 8:24-cr-485-CEH-NHA**

**JULIAN ANDREWS**
**_________________________________/**

**DEFENSE PROPOSED JURY INSTRUCTIONS**

Defendant Julian Christopher Andrews, through undersigned counsel and pursuant to the Court's Pretrial Order (Doc. 86), submits the following proposed preliminary and final jury instructions for trial of Counts One and Three. All modified instructions are identified as such, with supporting authority noted separately from the language proposed to be read to the jury. A separate proposed verdict form is submitted contemporaneously.

Respectfully submitted,

CHARLES L. PRITCHARD, JR.
FEDERAL PUBLIC DEFENDER

/s/ Ryan J. Maguire
Ryan J. Maguire
Assistant Federal Public Defender
Florida Bar No. 117534
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: ryan_maguire@fd.org

## P1 (Modified) — Preliminary Instructions — Criminal Cases

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial, I will give you more detailed instructions.

**Duty of jury:**

It will be your duty to decide what happened so you can determine whether the defendant is guilty or not guilty of the crimes charged in Counts One and Three of the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

**What is evidence:**

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may

choose to believe or disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

**What is not evidence:**

**Certain things are not evidence and must not be considered. I will list them for you now:**

- Statements and arguments of the lawyers. In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;
- Questions and objections of the lawyers. The lawyers' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because a lawyer's question suggests that it is. For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, then the question may be answered or the exhibit received. If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

**Credibility of witnesses:**

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;
- The witness's memory;
- The witness's manner while testifying;
- The witness's interest in the outcome of the case and any bias or prejudice;
- Whether other evidence contradicted the witness's testimony;
- The reasonableness of the witness's testimony in light of all the evidence; and
- Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

**Rules for criminal cases:**

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his innocence or to present any evidence, or to testify. Since the defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify. It is not evidence.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

**Conduct of the jury:**

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial. I will now give you those instructions:

1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.
2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.
3. You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.
4. Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5. Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.
6. Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, encrypted-communication apps, or social-networking websites and apps. You may not use any similar social-media technology, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case,

including the defendant, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not from any

other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

**Taking notes:**

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave the courtroom, your notes should be left in the jury room. Whether or not you take notes, you should rely on your own memory of what was said. Notes are to assist your memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

**Course of the trial:**

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it

comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will go to the jury room to decide your verdict.

**FINAL — Jury Instructions**

**B1 — Introduction**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

**v.** **Case No. 8:24-cr-485-CEH-NHA**

**JULIAN ANDREWS**
**_________________________________/**

**COURT'S INSTRUCTIONS TO THE JURY**

**Members of the Jury:**

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**B2.1 — Duty to Follow Instructions and Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**B3 — Reasonable Doubt**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## B4 — Direct and Circumstantial Evidence; Arguments of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## B5 — Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe

what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

**B6.6 (Modified) — Inconsistent Statements; Defendant's Testimony; Limited Use of Prior Convictions**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

Keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether it was about an important fact or an unimportant detail.

The Defendant has a right not to testify. If the Defendant testifies, you should decide whether to believe his testimony in the same way as the testimony of any other witness.

Evidence of a prior felony conviction may be considered in deciding whether the Government has proved the prior-conviction and knowledge-of-status elements of Count One, as I will explain. But a prior felony conviction does not establish that the Defendant is guilty of Count Three. You may not infer that the Defendant committed the conduct charged in Count Three simply because he previously committed another crime.

**B7 — Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**B8 (Modified) — Introduction to the Offense Instructions**

Two counts of the indictment are submitted to you for a verdict: Count One and Count Three. Count One charges possession of a firearm or ammunition by a convicted felon. Count Three charges knowing possession of a firearm in furtherance of the drug-trafficking crime identified in Count Two of the indictment.

Your verdict will address only Counts One and Three. Each of these two counts must be considered separately under the instructions that follow. The existence of an underlying drug-trafficking crime does not by itself establish that a firearm was possessed in furtherance of that crime.

**B8.1 — Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and." If only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**B9.1A — Knowingly**

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

**B9.2 — On or About a Particular Date**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

**S2.1 — Confession or Statement of a Defendant**

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself whether the Defendant made the statement, and if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

**S6 — Possession**

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. And, if a person has actual or constructive possession, he may have sole possession or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it. "Constructive possession" of a thing occurs if a person doesn't have actual possession of it but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it. The term "possession" includes actual, constructive, sole, and joint possession.

**O34.6 (Modified) — Count One — Possession of a Firearm or Ammunition by a Convicted Felon**

18 U.S.C. § 922(g)(1)

It is a Federal crime for anyone who has been convicted of a felony offense to possess a firearm or ammunition in or affecting interstate or foreign commerce.

The Defendant can be found guilty of Count One only if all of the following facts are proved beyond a reasonable doubt:

(1) The Defendant knowingly possessed a firearm or ammunition in or affecting interstate or foreign commerce;

(2) Before possessing the firearm or ammunition, the Defendant had been convicted of a felony — a crime punishable by imprisonment for more than one year; and

(3) At the time the Defendant possessed the firearm or ammunition, he knew that he had previously been convicted of a felony.

A "firearm" is any weapon designed to, or readily convertible to, expel a projectile by the action of an explosive. The term includes the frame or receiver of such a weapon.

"Ammunition" means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

The term "interstate or foreign commerce" includes the movement of a firearm or ammunition from one state to another or between the United States and any foreign country. It is not necessary for the Government to prove that the Defendant knew the firearm or ammunition had moved from one state to another, only that the firearm or ammunition did, in fact, move from one state to another.

## O35.3 (Modified) — Count Three — Possessing a Firearm in Furtherance of a Drug-Trafficking Crime

18 U.S.C. § 924(c)(1)(A)

It is a separate Federal crime for anyone to possess a firearm in furtherance of a drug-trafficking crime.

The Defendant can be found guilty of Count Three only if both of the following facts are proved beyond a reasonable doubt:

(1) The Defendant committed the drug-trafficking crime charged in Count Two of the indictment; and

(2) The Defendant knowingly possessed a firearm in furtherance of that drug-trafficking crime, as charged in the indictment.

A "firearm" is any weapon designed to, or readily convertible to, expel a projectile by the action of an explosive. The term includes the frame or receiver of such a weapon.

To "possess" a firearm is to have direct physical control of the firearm, or to have knowledge of the firearm's presence and the ability and intent to later exercise control over the firearm.

Possessing a firearm "in furtherance of" a drug-trafficking crime means that the firearm helped, promoted, or advanced that crime in some way.

The mere presence of a firearm where drug trafficking occurred, even if the Defendant knowingly possessed that firearm during the drug-trafficking crime, is not sufficient by itself to prove that the firearm was possessed "in furtherance of" the crime. The Government must prove beyond a reasonable doubt that there was a connection between the firearm and the drug-trafficking crime—that the firearm helped, promoted, or advanced that crime in some way.

*United States v. Timmons*, 283 F.3d 1246, 1252–53 (11th Cir. 2002); *United States v. Jones*, No. 24-10938, slip op. at 9–10 (11th Cir. Jan. 22, 2026).

**B10.2 (Modified) — Separate Consideration of Counts; Punishment**

Count One and Count Three charge separate crimes. You must consider each count and the evidence relating to it separately. A verdict of guilty or not guilty on Count One does not determine your verdict on Count Three, and a verdict on

Count Three does not determine your verdict on Count One. Each verdict must be based on the facts and law applicable to that count.

I caution you that the Defendant is on trial only for the specific crimes submitted to you for decision. You are here to determine from the evidence whether the Government has proved those specific crimes beyond a reasonable doubt.

You must never consider punishment in deciding whether the Defendant is guilty or not guilty. If you find the Defendant guilty, punishment is for the Judge alone to decide later.

**B11 — Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**B12 (Modified) — Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

The verdict form asks for a separate verdict on Count One and Count Three. For each count, you must unanimously choose either "Guilty" or "Not Guilty."

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.