UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:24-cr-485-CEH-NHA

JULIAN ANDREWS

**UNITED STATES' RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION IN LIMINE**

The United States opposes defendant Julian Andrews' Motion in Limine. Doc. 108. Detective Juan Alvarez's testimony as an expert witness is admissible consistent with Federal Rules of Evidence 702 and 704. In support of its position, the United States submits the following memorandum of law. The United States provided Andrews with an updated Rule 16 disclosure which more thoroughly included the witness's background, experience, and particular evidence reviewed. *See* Exhibit A.

## I. ANTICIPATED TESTIMONY

Detective Juan Alvarez's testimony will help the jury to understand a world with which they almost certainly have little familiarity: the world of drug traffickers. Based on his years of experience investigating narcotics at the state and federal level, including numerous undercover buys, Detective Alvarez has a specialized knowledge that will explain drug traffickers' common practices around importing drugs, packaging, and marketing drugs, protecting drugs and money, and avoiding detection by law enforcement. He will describe how common it is for drug traffickers

to be robbed and will explain the obstacles that drug traffickers face in reporting those robberies. He will testify that drug dealers commonly use firearms to protect their drugs and money. He will testify about the common use of stolen guns and shared guns by drug traffickers.

Detective Alvarez has reviewed evidence in this case. Detective Alvarez will aid the jury in understanding that evidence and determining a fact at issue. He will testify about points where the evidence is consistent with what he knows about drug trafficking and the use of firearms in drug trafficking. He will not testify that the defendant had a specific state of mind. He will not testify to the defendants' intent. He will not be asked, nor will he provide any opinion as to whether the defendant had the intent required to commit the offense. The question of the defendants' intent will be left solely to the jury; his testimony will aid the jury by providing context that the jury can employ to reach their conclusions regarding the facts at issue.

## II. ARGUMENT

### A. DETECTIVE ALVAREZ'S TESTIMONY WILL ASSIST THE JURY IN UNDERSTANDING THE FACTS OF THE CASE

Consistent with Fed. R. Evid. 702, Detective Alvarez will provide specialized knowledge that will assist the trier of fact in understanding the evidence and determining a fact in issue. Because it is extremely unlikely that the jury will have experience buying and selling drugs, Detective Alvarez will provide testimony to help them understand general techniques used by drug traffickers and the way the drug trafficking business works. Through the lens of an experienced narcotics

investigator, the jury will learn about common practices by drug traffickers, including the widespread use of firearms for protection. Detective Alvarez's testimony will provide valuable context within which the jury can evaluate the facts of the case.

The Eleventh Circuit has consistently held that an experienced narcotics agent may testify about the significance of certain conduct or methods of operation unique to the drug distribution business. *United States v. Butler*, 102 F.3d 1191 (11th Cir. 1997); *United States v. Hickson*, 204 Fed.Appx. 859, 862 (11th Cir. 2006); *United States v. Novaton*, 271 F.3d 968, 1008 (11th Cir. 2001); *United States v. Montero*, 440 Fed.Appx. 833, 839 (11th Cir. 2011); *United States v. Cross*, 928 F.2d 1030, 1050 (11th Cir. 1991); *United States v. Blackburn*, 398 Fed.Appx. 453, 465 (11th Cir. 2010); *United States v. Chastain*, 198 F.3d 1338, 1348-49 (11th Cir. 1999). As an experienced narcotics agent with specialized knowledge, Detective Alvarez's testimony should be admitted.

**B. DETECTIVE ALVAREZ'S TESTIMONY WILL NOT VIOLATE FEDERAL RULE OF EVIDENCE 704**

Detective Alvarez will not offer an opinion about the intent of the defendant. *Diaz v. United States*, cited by the defendant, is on point. Detective Alvarez's testimony would closely map the testimony that the Supreme Court affirmed as proper in *Diaz. Diaz v. United States*, 602 U.S. 526 (2024). In *Diaz*, as in the case at bar, a law enforcement expert, who was not involved in investigating the case being tried, testified to provide the jury insight into the world of drug trafficking. He testified as to what "most" drug couriers knew about the drugs they were

transporting; he did not testify in absolute terms that *all* drug couriers had knowledge of the substances they were transporting and did not testify specifically as to what the defendant knew. *Id.* at 530. While his testimony was relevant to the question of the defendant's knowledge, as the Court noted, "an opinion is not objectionable just because it embraces an ultimate issue." *Id.* Rule 704(b) applies only to opinions about the defendant. The agent in *Diaz* expressed no opinion about the defendant's knowledge; consequently, his testimony about the knowledge of most drug carriers was permissible. *Id.* His testimony gave the jury context within which to understand the arguments put forth by both the government and the defense, leaving the ultimate decision on the defendant's knowledge in the jury's hands. That is the same function that would be served by Detective Alvarez's testimony.

In *United States v. Frazier*, another case cited by Andrews, the different factual background of *Frazier* compared to the instate case makes the two cases distinctive. *See United States v. Frazier*, 387 F.3d 1244. In *Frazier*, the District Court excluded defendant's expert testimony of a forensic investigator in a sexual assault trial and the Eleventh Circuit affirmed that decision. *Id.* The defense witness was a self-employed forensic consultant who had no medical training, no practice in pelvic examinations of female sexual assault victims, and no education, training, or experience as a doctor, but asserted an opinion that "some transfer of either hairs or seminal fluid would occur" during a sexual assault. *Id.* at 1252. Here, we are not seeking medical or scientific testimony would require specialized medical or scientific education or the study of treatises or publications. Detective Alvarez has 22

years of narcotics investigation experience and will testify about what he has learned on the job over time relating to narcotics investigations, his relevant field. He will ultimately relate his experience with narcotics and firearms used by drug traffickers, to support the conclusion as to why drug traffickers carry firearms. Rule 702 is clear: expert status may be based on "knowledge, skill, experience, training, or education." It does not require all of them. Fed. R. Evid. 702.

## VI. CONCLUSION

For the reasons explained above, the Court should deny the defendant's Motion in Limine.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Erin Claire Favorit*
Erin Claire Favorit
Assistant United States Attorney
Florida Bar No. 104887
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: erin.favorit@usdoj.gov

**U.S. v. Andrews** **Case No. 8:24-cr-485-CEH-NHA**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*/s/ Erin Claire Favorit*
Erin Claire Favorit
Assistant United States Attorney
Florida Bar No. 104887
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: erin.favorit@usdoj.gov