**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No.: 8:24-cr-00485-CEH-NHA

JULIAN ANDREWS,

Defendant,
_______________________________/

**ORDER**

This matter comes before the Court on the Government's Motion in Limine to Exclude Defendant's Exculpatory Statements. Doc. 91. Defendant Julian Andrews responded. Doc. 105. A hearing on the motions was held on October 23, 2026. This Order serves to memorialize the rulings made at the hearing.

**DISCUSSION**

"A Motion In Limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." *Stewart v. Hooters of Am.*, Inc., No. 8:04-CV-40, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007) (citation omitted). "The real purpose of a Motion In Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably effect the fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential

grounds." *Id*. (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984) (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials)).

Under Rule 403 of the Federal Rules of Evidence ("FRE"), the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Moreover, a statement offered into evidence to prove the truth of the matter asserted is inadmissible hearsay. Fed. R. Evid. 801-02.

In the present case, the Government moves to exclude statements that Mr. Andrews made on August 21, 2022 during: 1) the traffic stop, and 2) the post-*Miranda* interview at the hospital. Doc. 91. Responding to the Government's motion, Mr. Andrews requests that during defense's opening statement, defense counsel be permitted to tell the jury that Mr. Andrews made a prior inconsistent statement that Mr. Andrews will explain during his direct testimony.

The Court grants the Government's motion and reserves ruling on the Defendant's request to tell the jury that Mr. Andrews made a prior inconsistent statement. The Court agrees with the Government that a criminal defendant is not permitted to elicit, via the cross-examination of a law enforcement officer, a defendant's exculpatory hearsay statements made at the time of his arrest. *United States v. Willis*, 759 F.2d 1486, 1501(11th Cir. 1985); *United States v. Cunningham*, 194 F.3d

1186 (11th Cir. 1999); *See also United States v. Alli*, 184 F.4th 1280, 1290 (11th Cir. 2026). Accordingly, Mr. Andrews is not permitted, during his cross-examination of the deputies, to elicit the exculpatory hearsay statements made on August 21, 2022—i.e., the statements made immediately after the foot pursuit and the post-*Miranda* statements made at the hospital. However, if Mr. Andrews decides to testify, then depending on Mr. Andrews' direct testimony, the Government may use the exculpatory statements for impeachment purposes.

Further, the Court is unable to determine, based on Mr. Andrews' response to the motion in limine and the arguments made during the hearing, whether it will allow defense counsel to acknowledge Mr. Andrews' inconsistent statements during opening statements. Therefore, the Court will permit defense counsel to proffer what, specifically, he will tell the jury during opening statements regarding Mr. Andrews' inconsistent statements. The Court will take Defendant's request under advisement and defer ruling on the issue of whether defense counsel may acknowledge Mr. Andrews' inconsistent statements during opening statements. In all other respects, the Government's motion is granted.

Accordingly, it is hereby

**ORDERED:**

1. The Government's Motion in Limine to Exclude Defendant's Exculpatory Statements (Doc. 91) is granted.

2. Mr. Andrews is not permitted to elicit the exculpatory hearsay statements—neither the statements made immediately after the traffic stop nor the statements made at the hospital—during the cross-examination of the deputies, or otherwise.
3. If defense counsel desires to acknowledge during opening statements Mr. Andrews' inconsistent statements and anticipated testimony, then defense counsel may proffer to this Court, before opening statements begin, what he intends to tell the jury regarding Mr. Andrews' inconsistent statements. The Court reserves ruling on Defendant's request until the proffer is presented.

**DONE** and **ORDERED** in Tampa, Florida on October 26, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any